**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUSTEES OF THE IRON WORKERS LOCAL
25 PENSION FUND, et al.,

    Plaintiffs,

v.                                                      Case No. 09-CV-12370-DT

CRAWFORD DOOR SALES, INC., et al.,

    Defendants.
                                                /

**ORDER DENYING PLAINTIFFS' "MOTION FOR ALTERNATE SERVICE . . ."**

Before the court is a "Motion for Alternate Service . . .," filed by Plaintiffs on February 5, 2010. Defendants filed their response in opposition to the motion on February 10, 2010. The court will deny the motion.

On September 18, 2009, the court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16. Under the terms of the scheduling order, the discovery cut-off was set for December 18, 2009. About a month after the discovery cut-off, Plaintiffs filed a motion seeking to extend the discovery deadline. The court conducted a telephonic motion hearing on the matter on January 22, 2010, and granted the motion, extending discovery until February 5, 2010 for the purpose of allowing three depositions to occur before that date. Following January 22, 2010, Plaintiffs apparently made no effort to serve a subpoena on one of the deponents, Darcy Gmerek, until February 1, 2010, despite the fact that her deposition needed to occur by February 5, and despite the fact that Plaintiffs knew they would need to secure her attendance by subpoena. The process server was unable to serve Ms. Gmerek on February 1, 2, or 3, and thus

on February 5, 2010, Plaintiffs filed the instant motion. Plaintiffs request that they be allowed to serve Ms. Gmerek via U.S. Mail and that the discovery deadline be extended, again, until February 18, 2010.

The court is inclined to deny the request for alternate service on the merits because it does not appear Plaintiffs were diligent or that a sufficient effort was made by the process server to serve Ms. Gmerek.[1] The request for alternate service is, in any event, moot because it was filed on the last day allowed for Plaintiffs to *depose*, not serve, Ms. Gmerek. Even if the court were persuaded that alternate service is warranted, the court would also need to find that good cause exists to modify the court's scheduling order under Federal Rule of Civil Procedure 16(b)(4). "[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Here, Plaintiffs have not shown that, had they acted diligently, they could not have reasonably

---

[1] For his (or her) attestation, the process server used a fill-in-the-blanks state court form with minimal detail or explanation about the three successive days in February on which efforts were made to locate Ms. Gmerek. Two of the three days visits were made during ordinary weekday commuting or working hours (between 7:30 and 11:00 a.m.), when one would expect that an employed person to be not at home. These visits show nothing. On only one day was a visit made during other than working hours, at 7:00 p.m. There is no indication from such minimal efforts that the person sought was attempting to evade service. Parenthetically, it appears open to question whether the person signing the verification was the same person as the one attempting to serve the subpoena, since the printed name below the illegible signature is an initial (probably either an "R" or a "T") followed by the surname, Wolk, and then a slash and the initials "P.S." The use of a slash followed by initials the court recognizes as a common practice for a person to sign on behalf of another, as when a secretary "signs" a letter on behalf of the letter's author.

2

met the discovery deadline.  As the scheduling order has already been modified once, and as Plaintiffs have not shown good cause for a second amendment, the court will deny the motion.

IT IS ORDERED that Plaintiffs' "Motion for Alternate Service . . ." [Dkt # 25] is DENIED.

      S/Robert H. Cleland                  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 10, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner                         
Case Manager and Deputy Clerk
(313) 234-5522