# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS LOCAL
25 PENSION FUND, et al.,

    Plaintiffs,

v.                                                       Case No. 09-CV-12370-DT

CRAWFORD DOOR SALES, INC., et al.,

    Defendants.

                                                  /

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND JUDGMENT TO INCLUDE STATUTORY INTEREST AND ATTORNEY FEES**

Pending before this court is a motion to amend judgment to include statutory interest and attorney fees, filed by Plaintiffs on May 10, 2010. Defendants filed their response to Plaintiffs' motion on May 21, 2010. For the reasons stated below, Plaintiffs' motion will be granted.

## I. BACKGROUND

Plaintiffs initiated this action on June 19, 2009 under the provisions of the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiffs are funds established under and administered pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and ERISA. Plaintiffs alleged that Defendants owe fringe benefits to Plaintiffs on behalf of the participants of those funds, based upon a contract between Iron Workers' Local 25 Union and Defendant Crawford Door Sales, Inc. ("Crawford Door").

Plaintiffs filed their motion for summary judgment on January 19, 2010, which the court granted on April 16, 2010. Plaintiffs now seek to amend the judgment against Defendants to include the attorney fees, interest, and liquidated damages mandated by 29 U.S.C. § 1132(g)(2).

## II. STANDARD

Under the general American rule, unless Congress provides otherwise, parties to a litigation are to bear their own attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney fees."). Sections 502 and 515 of ERISA govern the enforcement of employer contributions to employee pension and welfare trust funds. 29 U.S.C. § 1001, et. seq. Section 502 governs contributions, providing every employer who is obligated to make contributions to a multi-employer plan under terms of a collectively bargained agreement shall make such contributions in accord with the terms and conditions of such agreement. 29 U.S.C. § 1145. Under Section 515, the district court shall award a prevailing fiduciary reasonable attorney fees and costs incurred in enforcing a Section 502 claim when "a judgment in favor of the plan is awarded." 29 U.S.C. § 1132(g)(2)(D). When a plaintiff prevails on a Section 502 claim, title 29 U.S.C. § 1132(g)(2) then mandates that the court award attorney fees to the Plaintiffs Trustees. *See Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996) ("Under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan."). Once the court

2

determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Id*. at 1401 (citing *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. (Alterations in original and citation omitted.) "The party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (citing *Hensley*, 461 U.S. at 433)). When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley*, 478 U.S. at 564 (emphasis in original (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

### III.  DISCUSSION

### A.  Attorney Fees

Because this court found that Plaintiffs prevailed on a Section 502 claim against Defendants, 29 U.S.C. § 1132(g)(2) mandates that the court award reasonable attorneys' fees to the Plaintiffs Trustees. *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996).

Plaintiffs contend that "[t]he parties' collective bargaining agreement does not require a showing that Plaintiffs' counsel's attorney fees were 'reasonably incurred.'"

3

(Pls.' Mot. at 2.)  However, "[i]t is the general rule that statutes relating to the subject matter of a contract and existing at the time of the execution of such contract become a part thereof and must be read into the contract, except when a contrary intention appears." *Bhd. of Ry. and S.S. Clerks et al., v. Ry. Express Agency, Inc.*, 238 F.2d 181, 184 (6th Cir. 1956) (citing *Armour Packing Co. v. United States*, 209 U.S. 56 (1908); *Denny v. Bennett*, 128 U.S. 489 (1888); *Conn. Mut. Life Ins. Co. v. Cushman*, 108 U.S. 51 (1883)).  Thus, the primary issue with respect to Plaintiffs' request for attorney fees is whether the request is reasonable.  *See* 29 U.S.C. § 1132(g)(2)(D).

Defendants argue that even if attorney fees and costs are to be awarded to Plaintiffs, the amount asserted by Plaintiffs is not reasonable.  (Defs.' Resp. at 4.)  In making the "lodestar" calculation, this court will multiply the number of hours reasonably expended on litigation by a reasonable hourly rate and exclude excessive, redundant, or otherwise unnecessary hours.  *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley et al., v. Eckerhart et. al.*, 461 U.S. 424, 433 (1983)).  Although the "lodestar" calculation is presumed to be proper, the court can still adjust the resulting product to reflect the degree of success obtained.  *Hensley*, 461 U.S. at 433-34.

Defendants argue that this court should 1) reduce Plaintiffs' attorney's billable hours from 58.5 to 33.3 hours; 2) change Plaintiffs' attorney's hourly rate from $175.00 to $160.00; 3) reduce Plaintiffs' legal costs from $600.00 to $425.00; and 4) credit the $2,307.50 received from the surety bond against Plaintiffs' claim.  Cumulatively, Defendants' requested changes would reduce the total Plaintiffs' attorney fees and costs from $10,837.50 to $3,445.50.

4

### 1. Dispute on Plaintiffs' Attorney's Hourly Rate

Plaintiffs seek attorney fees at an hourly rate of $175.00. (Pls.' Mot. at 5.) In support, Plaintiffs rely on their counsel's legal background and experience, as well as the 2003 Michigan State Bar Economics of Law Survey. (Pls.' Mot. at 5.) Plaintiffs have also provided an affidavit from their counsel stating that the rate sought is the actual rate incurred. (Pls.' Mot. Ex. 1.) Defendant, however, argues that the hourly rate for Plaintiffs' counsel should be, at most, only $160.00 per hour. (Defs.' Resp. at 4.) Defendants have failed to support their assertion that the rate is improper with any documentation or explanation.

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum*, 465 U.S. at 897. The burden is on the fee applicant to produce satisfactory evidence, in addition to the attorney's own affidavits, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Id*. at 896. An attorney fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Id*. (internal quotations and citations omitted).

In calculating a reasonable hourly rate, the court considers "prevailing market rates in the relevant community" of metro-Detroit, Michigan. *Blum*, 465 U.S. at 897. For guidance in determining a reasonable hourly rate, Plaintiffs have suggested that this court look to the 2003 Michigan State Bar Economics of Law Survey, or any other Bar Association Survey which discusses attorney's hourly rates. (Pls.' Mot. at 5.) The court finds that Plaintiffs' rate request is well within the range of fees "prevailing in the community" for counsel with fifteen years of experience working in a relatively large firm.

*Blum*, 465 U.S. at 897.  Moreover, this rate is less than other fee awards granted in this district.  *See Worthing v. Reliance Standard Life Ins. Co.*, No. 08-11895, 2009 WL 1798387, * 2 (E.D. Mich. June 22, 2009) (awarding $400.00 per hour in ERISA litigation); *Kramer v. Paul Revere Life Ins. Co.*, No. 04-74362, 2009 WL 2849067, * 7 (E.D. Mich. Sep. 01, 2009) (awarding $275 and $190.00 per hour in ERISA litigation); *Darbyshire v. Garrison*, No. 04-72272, 2006 WL 581032, * 3 (E.D. Mich. Mar. 8, 2005) (finding reasonable attorney hourly rates of $200 and $250).

Plaintiffs have met their burden of establishing that $175.00 per hour is a "reasonable rate."  *See Granzeier*, 173 F.3d at 577.  Defendants, however, have not supplied any documentation as to why Plaintiffs' figure is improper.  The court will therefore reject Defendants' figure and accept Plaintiffs' figure of $175.00 per hour.

### 2. Dispute on Plaintiffs' Attorney's Billable Hours

In addition to requesting that the court reduce the hourly rate for Plaintiffs' attorney, Defendants argue that the court should also reduce the number of hours attributable to Plaintiffs' counsel.  Defendants assert that "[f]or an approximate judgment of $14,000.00, Plaintiff seeks total attorney fees of over $12,000.00," despite "cooperation from Defendants' counsel and admitted liability as to the company." (Defs.' Resp. at 6.)  The court finds that Defendants have not been as cooperative as they purport to have been, but have consistently and unsuccessfully disputed Plaintiffs' allegations without supporting their positions with documentation or explanation. Additionally, it should be noted that while the award of attorney fees must be reasonable, there is no requirement that the amount of the award be proportional to the

amount of the underlying award of damages. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan et al. v. Grandview Raceway et al.*, 46 F.3d 1392, 1401 (6th Cir. 1995).

Defendants argue that Plaintiffs' counsel "took unnecessary depositions, sought deposition of unrelated persons with no knowledge of the case, filed motions with no merit and/or beyond the Court Order cut off dates and issued discovery requests where accounting information were already provided by the Defendant Company to the union auditor." (Defs.' Resp. at 3.) The court finds Defendants' allegations to be without merit.

Defendants contend that Plaintiffs should not recover attorney fees for hours devoted to drafting the motion to depose William Hughes because "the motion and related time were unnecessary." (Defs.' Resp. at 3.) The court is not persuaded by Defendants' argument. Plaintiffs' motion to compel the deposition of Defendant William Hughes was granted by this court because he is majority owner in Crawford Door and signed at least some of the contribution forms at issue. Plaintiffs' counsel later voluntarily dismissed its complaint against William Hughes, asserting that the dismissal "could have been obtained earlier in the lawsuit had Defendants produced an explanation for why William Hughes' signed name appeared on contribution forms." (Pls.' Mot. at 5.) Both successful and unsuccessful claims are deemed related to litigation for the purposes of attorney fee calculation when they "involve a common core of facts" or are "based on related legal theories." *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (quoting *Hensley*, 461 U.S. at 433). Where a party "has obtained excellent results" he recovers a fully compensatory fee which "should not be reduced simply because he failed to prevail on every contention raised in the lawsuit."

7

*Wayne*, 36 F.3d at 532 (quoting *Hensley*, 461 U.S. at 435). Plaintiffs have obtained "excellent results" in this action that ended with summary judgment, and in good faith asserted a complaint against William Hughes in pursuit of those results. The failure to prevail on an action against him is not a sufficient reason for reducing a fee. *Id* (citing *Hensley*, 461 U.S. at 435 (refusing to reject hours claimed on the ground that they were spent on unsuccessful claims against dismissed defendants)). Accordingly, the court will permit Plaintiffs to recover these fees.

Defendants next argue that Plaintiffs should not recover attorney fees for hours devoted to taking the deposition of Gary Hughes because he is not a party to the lawsuit. (Defs.' Resp. at 3.) The court is not persuaded by this argument. Under Federal Rule of Civil Procedure 30, "a party may . . . depose *any* person, including a party." Fed. R. Civ. P. 30(a)(1) (emphasis added). Defendants have not provided any reason why the deposition of Gary Hughes was unnecessary or improper. Furthermore, Gary Hughes is, like Todd Hughes, part owner of Crawford Door, and the time spent deposing him was just as reasonably expended as the time spent deposing Todd Hughes. The court will permit Plaintiffs to recover these fees.

Defendants also argue that Plaintiffs should not recover attorney fees for time spent on the motion for alternative service as to Darcy Gmerek and Mark Chaney and motion to extend discovery after deadlines. (Defs.' Resp. at 3.) Defendants suggest that these motions were denied by the court and fees should not be recovered for them. The court, in fact, granted Plaintiffs' motion to extend, and thus fees are properly awarded for preparation of that motion. The court's denial of the motion for alternate service does not preclude the award of fees incurred in pursuit of it. Although the denial

of the motion was due to Plaintiffs failure to move more expeditiously, Plaintiffs made the motion in good faith. Further, counsel seeks only about one hour of time related to the preparation and litigation of the motion. Such time is more than reasonable in pursuit of a facially proper, albeit losing, motion. Likewise, the court will allow the fees related to Plaintiffs' correspondence with Darcy Gmerek and Mark Chaney. Defendants do not explain why they should be exempt from these fees. Where a defendant asserts that a particular charge is improper, the burden shifts to the defendant to demonstrate why the particular entry should not be compensated for. *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Defendants do not meet their burden by making conclusory allegations that time spent was improper. *Id.* The court will not preclude Plaintiffs from receiving such fees merely because Gmerek and Chaney were never deposed. It was reasonable for Plaintiffs to attempt to seek discovery from Gmerek and Chaney and the court will allow recovery for these fees.

Defendants further argue that Plaintiffs should not be awarded attorney's fees for hours spent on interrogatories and requests to admit fringe benefit amounts because Defendants had "already provided all financial information to union auditors." (Defs.' Resp. at 3.) Defendants' contentions are without merit. Parties are not precluded from serving interrogatories when the party already has the information. *See* Fed. R. Civ. P. 33(a)(2). Requests to admit are created precisely to eliminate issues by requesting that a party admit the truth of facts. *See* Fed. R. Civ. P. 36(a)(1). Furthermore, there nothing to indicate that the challenged billing entries were spent exclusively on determining fringe benefit amounts. The court can see no reason to find that

9

interrogatories and requests to admit were not reasonably expended on litigation. The court will permit Plaintiffs to recover these fees.

Defendants also assert that the court should reduce Plaintiffs' award of attorney's fees by 6.6 hours because the billing entries are "unspecific," by 1 hour because Defendants claim the entry is duplicated, and by 0.5 hours because the time claimed for pre-filing telephone calls is "not reasonable." (Defs.' Resp. at 4.) Without further evidence or explanation, this court cannot accept these contentions. Plaintiffs' counsel is not required to record in great detail how each minute of his time was expended; it is enough that he identified the general subject matter of his time expenditures. *Hensley*, 461 U.S. at 437. Although Plaintiffs' attorney could have been more specific in those billing entries, the entries are not unreasonable. The court will permit Plaintiffs to recover these fees.

Defendants also argue that the attorney fees received from the surety bond, namely $2,307.50, should be credited against Plaintiffs' claim. Plaintiffs claim, however, that the $2,307.50 attorney fees are "above and beyond what Plaintiffs are requesting." (Pls.' Mot. at 3.) Plaintiffs contend that the moneys were not expended in furtherance of this litigation; rather, the moneys were "allocated to attorney fees and costs . . . incurred by Plaintiffs from 2005 - 2008 for efforts to collect fringes from Crawford Door during each of those years." (Pls.' Mot. at 3.) In the order granting Plaintiffs' motion for summary judgment, this court determined that $2,307.50 from the moneys paid out by the surety bond was to be allocated to attorney fees and costs incurred by Plaintiffs for efforts to collect the fringe benefit contributions. Plaintiffs' collecting of moneys from the surety bond is an entirely separate matter from the litigation at hand, and $2,307.50 was

10

properly allocated to their expenditures in connection with their efforts during 2005 to 2008.  As such, the court finds that their request for attorney fees resulting from this litigation is indeed "above and beyond" the attorney fees received from the surety bond. The court will not credit the receipt of previous funds against Plaintiff's claim.

In sum, Plaintiffs seek 58.5 hours to litigate this action through summary judgment and the pursuit of interest and fees.  While Defendants contend this is somehow an unreasonable amount of time, the court instead finds it almost remarkable that Plaintiffs counsel could litigate an entire action, including the taking of depositions, filing of multiple discovery motions and the filing of a summary judgment motion for a little over a week's worth of time.  No reduction of time is necessary.

### 3. Dispute on Plaintiffs' Other Legal Cost Requests

Defendants also challenge the costs of $175.00 to calculate interest.  (Defs.' Resp. at 3.)  Again, Defendants do not explain why they should be exempt from those minuscule costs.  Calculating damages is squarely in line with what would be reasonably necessary to litigate this or any other case.  The court determines that these costs requested by Plaintiffs are reasonable legal costs associated with this litigation and should be properly awarded.  The court will therefore award legal costs of $600.00 to Plaintiffs.

### B.  Interest, Liquidated Damages, and Contribution Amounts

Under 29 U.S.C § 1132(g)(2) Plaintiffs are entitled to double the interest on unpaid contributions.  *See* 29 U.S.C § 1132(g)(2)(C)(i).  Defendants have not contested the amounts owed in statutory interest.  (Defs.' Resp. at 5.)  The court will permit Plaintiffs to recover $805.50 in interest on unpaid contributions for work performed from

11

April 2009 through August 2009, and $118.96 in interest on unpaid contributions for work performed from September 2009 through October 2009, amounting to a total interest award of $924.46.

The parties' collective bargaining agreement provides for liquidated damages. (Pls.' Mot. Ex. 6.) The terms of the surety bond also contemplate liquidated damages. (Pls.' Mot. Summ. J. Ex. 7.) Defendants have not disputed this issue; Plaintiffs are therefore entitled to $1,761.22 in liquidated damages for late payments as of September 30, 2009, and $521.75 in liquidated damages for late payments as of December 2, 2009, amounting to a total liquidated damages award of $2,282.97.

Defendants have not contested the true amounts owed as to the fringe benefit contributions. (Defs.' Resp. at 5.) Plaintiffs will be entitled to $12,974.45 for Defendants' unpaid employee fringe benefit contributions for April 2009 through August 2009, and $2,808.82 for unpaid contributions for September and October 2009, amounting to a total contribution award of $15,783.27.

## IV. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion to Amend Judgment to Include Statutory Interest and Attorney Fees" [Dkt. # 35] is GRANTED and an amended judgment will be entered in the form submitted by Plaintiffs.

                                          S/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: September 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 3, 2010, by electronic and/or ordinary mail.

S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522